Lawrence G. COLE and Rachel Cole

v.

A.J. COLE & SONS, INC.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1989.

Decided Dec. 29, 1989.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiffs.

Deborah Buccina Rogers (orally), Hewes, Douglas, Whiting & Quinn, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, A.J. Cole & Sons, Inc.,[1] appeals the judgment of the Superior Court (Hancock County, *Silsby, J.*) entered on a jury verdict awarding damages to the plaintiffs, Lawrence G. Cole and Rachel Cole, for the personal injuries and loss of consortium suffered as a proximate result of the defendant's negligent repair and inspection of trucking equipment operated by Lawrence Cole. The defendant also challenges the plaintiffs' costs for expert witness fees and expenses taxed to the defendant by the court. We affirm the judgment as to the damages awarded the plaintiffs and vacate the judgment as to the plaintiffs' expert witness fees and expenses taxed to the defendant.

The defendant first contends that the trial court erred in the wording of the comparative negligence interrogatory submitted to the jury in the special verdict form and that the court's instructions to

---

1. The jury found that the co-defendant, Great Eastern Mussel Farms, was not negligent. There is no appeal from the judgment entered on that verdict.

the jury did not cure this error. The defendant argues that the language proposed by all the parties should have been employed by the court, and it was reversible error for the court to refuse to do so. We disagree.

Rule 49 of the Maine Rules of Civil Procedure gives the trial court broad discretion in framing the interrogatories submitted to a jury in a special verdict form. The rule does provide, however, that "[t]he court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." The defendant did not object to the trial court's instructions to the jury on the issue of the comparison of the negligence, if any, of Lawrence G. Cole with the negligence, if any, of the defendant. Although the jury reduced the total damages awarded to the plaintiffs because of the negligence of Lawrence G. Cole, the record does not suggest that the jury misunderstood the language of the interrogatories in the special verdict form or the court's instructions relating to those interrogatories. There is no merit in the defendant's further contention that the sequence of the appearance of the names of the two defendants in the special verdict form was erroneous and prejudicial to this defendant.

 The defendant next contends that the trial court erred in admitting the testimony of the plaintiffs' expert over the defendant's objection on the ground that the expert lacked the requisite expertise in metallurgy. At the trial, the plaintiffs called Robert F. Harold to provide expert testimony concerning truck wheel design, maintenance and testing. The trial court heard extensive testimony regarding Harold's knowledge, skill, education, training and experience offered by the plaintiff in support of Harold's qualifications. *See* M.R. Evid. 702. Over the defendant's objection, Harold was permitted to testify concerning the effects of the abandonment and exposure of the allegedly defective wheel rim. The question whether an expert witness possesses the requisite qualifications is a question of fact for the trial court. *See* M.R.Evid. 702; *State v. Govette*, 407 A.2d

1104, 1114 (Me.1979); *State v. Gervais*, 394 A.2d 1183, 1187 (Me.1978); R. Field & P. Murray, *Maine Evidence* § 702.2, at 270 (2d ed. 1987). Here, the trial court did not err in permitting the testimony.

 The defendant next contends that the plaintiffs' failure to file an affidavit in compliance with 16 M.R.S.A. § 251 (Supp. 1988) precluded the trial court's consideration of expert witness fees in the bill of costs filed by the plaintiffs, and further contends that the trial court abused its discretion in the amount it permitted the plaintiffs to recover from the defendant for plaintiffs' cost for plaintiffs' expert witnesses.

M.R.Civ.P. 54(d) provides:

**(d) Allowance of Costs.** Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs.

Applicable statutes provide in pertinent part:

The following costs shall be allowed to prevailing parties in civil actions unless the court otherwise specifically directs:

. . . .

**3. Attendance fees and travel costs paid to witnesses.** Attendance fees and travel costs of witnesses as allowed by Title 16, section 251 or other laws.

14 M.R.S.A. § 1502–B (Supp.1988).

In addition to other costs allowed to the prevailing party, the court may include as costs, in such amounts as it considers just and reasonable, any of the following items:

**1. Reasonable expert witness fees and expenses.** Expert witness fees and expenses, as allowed by Title 16, section 251.

14 M.R.S.A. § 1502–C (Supp.1988).

Witnesses . . . unless the court shall otherwise order, shall receive . . . 22% [sic] a mile for each mile's travel going and returning home. The court in its discretion may allow at the trial of any cause . . . a reasonable sum for each day's attendance of any expert witness or witnesses at the trial, in taxing the

costs of the prevailing party.... Such party or his attorney of record shall first file an affidavit within 30 days after entry of judgment and before the cause is settled, stating the name, residence, number of days in attendance and the actual amount paid or to be paid each expert witness in attendance at such trial.

16 M.R.S.A. § 251 (Supp.1988). Section 251 provides for no sanction for noncompliance with its provisions.

Pursuant to section 1502–D[2] the plaintiffs submitted their bill of costs within 10 days after the entry of judgment, setting forth all the information as to each of the plaintiffs' expert witnesses required by section 251. The defendant filed a timely challenge to the plaintiffs' cost bill. The matter was heard on February 1, 1989. The total cost bill submitted by the plaintiffs was in the amount of $11,432.47. The information filed with the plaintiffs' bill of costs reflects the amount actually paid by the plaintiffs to their experts was $9,048.94 and the amount that plaintiffs sought to recover for such expert fees and expenses was $6,821.47. After a hearing, the court allowed $10,996.47 of the plaintiffs' total bill of costs. The court did not designate the portion of this amount attributable to plaintiff's expert witness fees and expenses.

Although it is preferable that the prevailing party or his attorney set forth the information required by 16 M.R.S.A. § 251 in affidavit form, in this instance all the information required by that section was submitted to the court with a copy to the defendant within 10 days of the entry of judgment. The defendant makes no claim of prejudice by reason of the form in which the information concerning the plaintiffs'

expert witnesses was submitted. The plaintiffs' failure to file an affidavit did not preclude the trial court from consideration of the plaintiffs' expert witness fees.

We recognize that under Rule 54(d) and 14 M.R.S.A. §§ 1502–B, 1502–C and 1502–D and 16 M.R.S.A. § 251 that the trial court is granted discretion in its determinations as to the type and amount of costs recoverable by the prevailing party in a civil action. Although the defendant has not provided this court with a record of the hearing on the plaintiffs' bill of costs before the trial court, on the record before us it appears that the plaintiffs were allowed to recover from the defendant costs paid on account of some of their expert witnesses, such as travel time, that are beyond those allowable under the provisions of 16 M.R.S.A. § 251 for attendance at the trial of this matter.

Accordingly, we vacate that portion of the judgment and remand that issue to the Superior Court to determine in accordance with the provisions of 16 M.R.S.A. § 251 the amount the plaintiffs may recover from the defendant for plaintiffs' expert witness fees and expenses.

The entry is:

Judgment as it relates to damages awarded to the plaintiffs affirmed.

Judgment as it relates to the costs recovered by the plaintiffs vacated and remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** 14 M.R.S.A. § 1502–D (Supp.1988) provides:

**§ 1502–D. Taxing of costs; hearing**

The prevailing party or his attorney shall submit a bill of costs to the court not later than 10 days after entry of judgment and serve copies on all parties required to pay these costs. Any party required to pay all or any part of these costs may, within 10 days *after the* date of service, challenge any items of cost and request review by the court. The prevailing party shall, within 10 days after such a challenge, submit to the court any

vouchers or other records verifying any challenged items of cost. Either side may request oral argument and submit affidavits and briefs. Any evidentiary hearing on the reasonableness of costs will be held only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs are substantial. If the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, he may waive all or part of the costs with respect to that part.